# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV11

| | |
|---|---|
| WAYNE SIGMON, Trustee, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| JEFFREY GREGORY, and ) | |
| SONYA GREGORY, ) | |
| ) | |
| Appellees. ) | |
| ) | |

**THIS MATTER** is before the Court on the Bankruptcy Trustee's appeal from an order entered December 12, 2007, in the United States Bankruptcy Court for the Western District of North Carolina. Specifically, the Trustee has two motions pending before the undersigned: (1) a motion for leave to appeal, filed January 9, 2008; and (2) a motion for expedited decision and suspension of the rules, filed January 22, 2008.

This appeal involves several permutations of litigation involving these parties. The first permutation originated with a complaint filed in this Court by Sonya Gregory on November 19, 2006 (Case No. 3:06CV477). The complaint alleged discrimination and retaliation in connection with Ms.

Gregory's employment with the United States Postal Service. United States District Court Judge Martin Reidinger, who is presiding over Ms. Gregory's case, has stayed her lawsuit pending the outcome of the instant appeal. **Order, filed February 19, 2008 (Case No. 3:06CV477).**

The second permutation began on January 31, 2007, when Ms. Gregory and her husband, Jeffrey Gregory, filed a Chapter 7 Petition with the above-referenced Bankruptcy Court (Bankr. No. 07-40065).

Finally, the third permutation commenced on April 16, 2007, when Mr. Gregory filed a complaint alleging employment discrimination against John Potter, the Postmaster General – the same Defendant named in his wife's litigation (Case No. 1:07CV142).

In Mr. Gregory's discrimination case, the Bankruptcy Trustee Wayne Sigmon (hereinafter, the Trustee) filed a response in this Court indicating that, since Mr. Gregory's claims arose before the filing of the bankruptcy petition, the Trustee was the real party in interest in the bankruptcy case (as opposed to Mr. Gregory himself). **Trustee's Response and Motion to Dismiss, filed July 3, 2007, at 1 (Case No. 1:07CV142).** In this capacity, the Trustee stated that he had reviewed Mr. Gregory's claims and determined that they were meritless, and therefore, he moved for dismissal

with prejudice.  *Id.* at 2.  The undersigned agreed and entered an order of dismissal.  **Memorandum and Order of Dismissal, filed December 6, 2007 (Case No. 1:07CV142).**

Meanwhile, in the Gregorys' bankruptcy case, the Trustee negotiated a settlement of the Gregorys' discrimination lawsuits with Postmaster General Potter, in the amount of $3,000.00.  **Exhibit 1, Bankruptcy Court Order, filed December 12, 2007, *attached to* Notice of Appeal, filed January 9, 2008, ¶ 1.**  The Bankruptcy Court, however, declined to approve the settlement because of the Gregorys' "strenuous" objections and the "widely divergent forecasts as to the evidence."  *Id.* ¶ 5.

The Trustee filed a notice of appeal from the Bankruptcy Court's December 12, 2007, order (hereinafter the December 12 Order).  **Notice of Appeal, *supra*.**  He simultaneously filed a motion for leave to appeal the order, which argued that the Court should review the appeal despite its interlocutory nature.  **Chapter 7 Trustee's Motion for Leave to Appeal Interlocutory Order of the Bankruptcy Court, filed January 9, 2008**.

Pursuant to 28 U.S.C. § 158(a)(2), this Court has jurisdiction to hear interlocutory appeals from bankruptcy orders in its own discretion.

> The statutory language of [28 U.S.C. § 158] . . . provides no guidance as to how that discretion should be exercised. Most courts have analogized to the standards set forth in 28 U.S.C. § 1292(b), the statute governing discretionary appeals of interlocutory orders in non-bankruptcy litigation: (1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) whether immediate appeal would materially advance the termination of the litigation.

*In re Hebb*, 53 B.R. 1003, 1006 (D. Md. 1985).

Here, the first of the elements listed in *Hebb* is satisfied because the appeal pertains to "a controlling question of law as to which there is a substantial ground for difference of opinion." Specifically, the December 12 order poses the question of who is the appropriate party in interest to make the determination as to whether the Gregorys' litigation should be pursued. Similarly, the second element, that the appeal must "materially advance the termination of the litigation," is also satisfied. Not only will the Court's consideration of this appeal advance the termination of litigation over a bankruptcy estate which, according to the Trustee, has no other assets, but the Court's decision will enable Ms. Gregory's separate, stayed litigation to proceed before Judge Reidinger. For these reasons, the undersigned concludes that the Trustee's motion for leave to appeal the December 12 order should be granted.

As to the merits of the appeal, the Court has ruled twice that the Trustee is the real party in interest in the Gregorys' bankruptcy case. **Memorandum and Order of Dismissal (Case No. 1:07CV142),** *supra*, **at 2 (discussing Mr. Gregory's case); Order of February 19, 2007 (Case No. 3:06CV477),** *supra,* **at 6 (discussing Ms. Gregory's case).** As such, the Trustee has exclusive standing to conduct the litigation of claims belonging to the bankruptcy estate. *Id.* **at 6.** Of course, there can be no question that the employment claims brought by both Mr. and Ms. Gregory are the property of their bankruptcy estate. *Id.* **at 2;** *see also Parker v. Wendy's Int'l, Inc.,* **365 F.3d 1268, 1272 (11ᵗʰ Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.").**

For these reasons, the undersigned concludes that the settlement agreement reached by the Trustee and the Postmaster General is fair, reasonable, and appropriate under the circumstances.

**IT IS, THEREFORE, ORDERED** that the Trustee's motion for leave to appeal the December 12 order is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, after consideration of said appeal by this Court, the case is remanded to the Bankruptcy Court for approval of the settlement sought by the Trustee on behalf of the bankruptcy estate and the Postal Service.

**IT IS FURTHER ORDERED** that the Trustee's motion for expedited decision and suspension of the rules is **DENIED** as moot.

The Clerk is directed to provide a copy of this Order to Judge Reidinger.

Signed: March 11, 2008

Lacy H. Thornburg
United States District Judge